UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATTIE GILL,<br><br>  Plaintiff,<br><br>    v.<br><br>GENERAL SERVICES ADMINISTRATION,<br><br>  Defendant. | Case No. 14-cv-02999-MEJ<br><br>**ORDER RE: MOTION TO DISMISS**<br><br>Re: Dkt. No. 8 |

## I. INTRODUCTION

Pending before the Court is Defendant General Service Administration's ("GSA") Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and (6).  Plaintiff Pattie Gill has filed an Opposition (Dkt. No. 16) and GSA has filed a Reply (Dkt. No. 18).  The Court finds this matter suitable for disposition without oral argument.  Civ. L.R. 7-1(b).  Having considered the parties' positions, relevant legal authority, and the record in this case, the Court GRANTS GSA's 12(b)(1) Motion.  As jurisdiction is lacking, GSA's 12(b)(6) Motion is DENIED AS MOOT.

## II. BACKGROUND

Ms. Gill brings this case under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, et seq.  Compl. ¶ 3, Dkt. No. 1.  Attached to Ms. Gill's Complaint is an EEOC Denial of Consideration ("EEOC Denial"), dated June 12, 2014, which indicates that she is a former Procurement Technician for GSA and was terminated on September 13, 2012.  EEOC Denial at 1-2.  Although the allegations are not entirely clear, it appears that GSA placed Ms. Gill on medical leave on an unspecified date after chemicals from perfume sprayed in the office caused an infection on her face.  Compl. ¶ 4; Finch Decl. ¶ 11 and Ex. H, Dkt. No. 8-4.

1    According to GSA, after a period of being considered Absent Without Leave ("AWOL"),
2    GSA advised Ms. Gill on July 9, 2012 that she was being proposed for removal and that she had
3    15 days from the date of her receipt of the Notice of Proposed Removal to respond to it.  Finch
4    Decl. ¶ 4 and Ex. A.  On July 18, 2012, GSA sent Ms. Gill a second, superseding Notice of
5    Proposed Removal.  *Id.* ¶ 5 and Ex. B.  On July 24, 2012, Ms. Gill requested an extension of time
6    to respond.  *Id.* ¶ 6 and Ex. C.  That request was granted on August 9, 2012.  *Id.* ¶ 7 and Ex. D.
7    On September 13, 2012, GSA sent a Decision on Proposed Removal with an effective removal
8    date of September 21, 2012.  *Id.* ¶ 8 and Ex. E.  GSA states that it made multiple attempts to
9    deliver the Decision on Proposed Removal, both to Ms. Gill and to her union.  Mann Decl. ¶¶ 5-9
10   and Exs. A and B, Dkt. No. 8-2.

11   According to Ms. Gill, the United States Postal Service "and other delivery services" failed
12   to deliver GSA's correspondence.  Opp'n at 2, Dkt. No. 16.  As a result, Ms. Gill states that she
13   lost contact and GSA wrongly considered her AWOL.  *Id.*  However, after she learned of the
14   termination, she immediately filed an EEO discrimination complaint.  *Id.* at 2-3.  Ms. Gill
15   maintains that she first learned of the removal decision on October 29, 2012.  Finch Decl. ¶ 12 and
16   Ex. I.

17   On December 3, 2012, Ms. Gill sought to commence the EEO complaint process by
18   speaking via telephone with Betta Ramos, GSA's Regional EEO Specialist in the Office of Civil
19   Rights for the Pacific Rim Region.  Ramos Decl. ¶¶ 1, 3, Dkt. No. 8-1.  During their conversation,
20   Ms. Gill alleged discrimination relating to the termination of her employment on September 21,
21   2012.  *Id.* ¶ 3.  On March 18, 2013, Ms. Gill filed a formal EEO complaint, which she amended on
22   March 20, 2013.  *Id.* ¶ 4; Finch Decl. ¶¶ 9-10 and Exs. F and G.  On May 22, 2013, Ms. Gill
23   corrected and signed an EEO Investigative Affidavit.  Finch Decl. ¶ 11 and Ex. H.  On June 26,
24   2013, GSA issued its decision dismissing the discrimination complaint as untimely and advising
25   Ms. Gill that she could appeal to the Merit Systems Protection Board ("MSPB") or file a civil
26   action within 30 days of receipt of the decision.  *Id*. ¶ 12 and Ex. I.

27   Although there is nothing in the record from the MSPB proceedings, the June 12, 2014
28   EEOC Denial informed Ms. Gill that the MSPB had, on November 1, 2013, issued a decision

United States District Court
Northern District of California

1   dismissing her appeal of her removal on the grounds that it was untimely filed by almost a year
2   without good cause. EEOC Denial at 1. The Denial advised Ms. Gill that she had 30 calendar
3   days to file a civil action. *Id.* at 2.

4   Ms. Gill filed the present Complaint on June 30, 2014, alleging that GSA discriminated
5   against her based on her race or color (Black African American), religion (Christian), sex
6   (Female), national origin (unspecified), and a physical medical disability. Compl. ¶ 5. Ms. Gill
7   also alleges unspecified "harassment." *Id.* She claims that the alleged discrimination took place
8   on or about April 11, 2011. *Id.* ¶ 7. Ms. Gill states the "basic facts" surrounding her claim of
9   discrimination as follows: "I truly deeply feel if I was a different race, religion, sex would not
10  stand for what I believe my medical condition would not be mistreated." *Id.* ¶ 6.

11  GSA filed the present Motion to Dismiss on September 15, 2014. GSA argues that the
12  Court lacks subject matter jurisdiction over Ms. Gill's discrimination claims as she cannot
13  overcome the fact that she failed to exhaust her administrative remedies in a timely manner. Mot.
14  at 2, Dkt. No. 8. Specifically, GSA argues that Ms. Gill failed to initiate the EEO process within
15  45 days of the alleged discriminatory event, and it is too late for her to remedy that failing now.
16  *Id.*

### III. LEGAL STANDARD

18  Federal district courts are courts of limited jurisdiction; "[t]hey possess only that power
19  authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen*
20  *v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted).
21  Accordingly, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the
22  burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* Rule12(b)(1)
23  authorizes a party to move to dismiss a lawsuit for lack of subject matter jurisdiction.

24  A jurisdictional challenge may be facial or factual. *Safe Air for Everyone v. Meyer*, 373
25  F.3d 1035, 1039 (9th Cir. 2004). Where the attack is facial, the court determines whether the
26  allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction,
27  accepting all material allegations in the complaint as true and construing them in favor of the party
28  asserting jurisdiction. *Warth v. Seldin*, 422 U.S. 490, 501 (1975). Where the attack is factual,

however, "the court need not presume the truthfulness of the plaintiff's allegations." *Safe Air for Everyone*, 373 F.3d at 1039. In resolving a factual dispute as to the existence of subject matter jurisdiction, a court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment. *Id*.; *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (holding that a court "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction").

Once a party has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the opposing party bears the burden of establishing the Court's jurisdiction. *Kokkonen*, 511 U.S. at 377; *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

## IV.  DISCUSSION

In its Motion, GSA argues that Ms. Gill's complaint must be dismissed pursuant to Rule 12(b)(1) because she cannot present sufficient evidence to demonstrate that she timely exhausted her administrative remedies. Mot. at 6. Specifically, GSA contends that the Court lacks subject matter jurisdiction to hear Ms. Gill's claim because she did not contact an EEO counselor within 45 days of the alleged discriminatory event. *Id*. at 2. In response, Ms. Gill argues that the United States Postal Service and other delivery services failed to deliver the agency's correspondence, but she immediately filed an EEO discrimination complaint upon learning of her termination. Opp'n at 2-3.

Before bringing a Title VII discrimination claim, a federal employee must first exhaust all administrative remedies. 42 U.S.C. § 2000e-16(c); *Sommatino v. United States*, 255 F.3d 704, 707-08 (9th Cir. 2001). "Under the Title VII statutory and regulatory scheme, a federal employee must notify an EEO counselor of discriminatory conduct within 45 days of the alleged conduct, and then, if the matter is not resolved, the employee may submit a formal administrative complaint." *Sommatino*, 255 F.3d at 708; *see also* 29 C.F.R. § 1614.105 (pre-complaint processing); 29 C.F.R. § 1614.106 (individual complaints). Title VII's administrative exhaustion requirements are not jurisdictional; rather, they are "conditions precedent to filing an action which a defendant may waive or be estopped from asserting." *Sommatino*, 255 F.3d at 708; *see also* 29 C.F.R. § 1614.604 ("The time limits in this part are subject to waiver, estoppel and equitable

4

1   tolling."). However, "substantial compliance with the presentment of discrimination complaints to
2   an appropriate administrative agency is a jurisdictional prerequisite." *Sommatino*, 255 F.3d at
3   708.
4       Equitable tolling may extend the filing time period requirement "when the individual
5   shows that he or she . . . did not know and reasonably should not have been [sic] known that the
6   discriminatory matter or personnel action occurred, that despite due diligence he or she was
7   prevented by circumstances beyond his or her control from contacting the counselor within the
8   time limits, or for other reasons considered sufficient by the agency or the Commission." 29
9   C.F.R. § 1614.105(a)(2). The doctrine of equitable tolling "has been consistently applied to
10  excuse a claimant's failure to comply with the time limitations where she had neither actual nor
11  constructive notice of the filing period." *Leorna v. U.S. Dep't of State*, 105 F.3d 548, 551 (9th
12  Cir. 1997). It focuses on whether there was excusable delay by the plaintiff: "If a reasonable
13  plaintiff would not have known of the existence of a possible claim within the limitations period,
14  then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff
15  can gather what information he needs." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir.
16  2000) (citations omitted); *see also Boyd v. United States Postal Serv.*, 752 F.2d 410, 414 (9th
17  Cir.1985) ("The time period for filing a complaint of discrimination begins to run when the facts
18  that would support a charge of discrimination would have been apparent to a similarly situated
19  person with a reasonably prudent regard for his rights.") (citation omitted).
20      Here, because a factual dispute exists, the Court may review extrinsic evidence beyond Ms.
21  Gill's complaint without converting GSA's motion into one for summary judgment. *Safe Air for*
22  *Everyone*, 373 F.3d at 1039. Based on the evidence before it, the Court finds that Ms. Gill's
23  claims are time-barred.
24      GSA sent the Decision on Proposed Removal to Plaintiff on September 13, 2012. Finch
25  Decl. ¶ 8 and Ex. E. However, Ms. Gill did not commence the EEO complaint process until
26  December 3, 2012, when she spoke to Betta Ramos by phone. Ramos Decl. ¶¶ 1, 3. Even taking
27  the effective removal date, September 21, as the date of discrimination, this is outside of the 45
28  day window in which to contact an EEO counselor as required under Title VII. Further, the Court

finds that Ms. Gill's failure to initiate the EEO process by the relevant deadline cannot be tolled based on excusable delay for several reasons.

First, GSA has submitted evidence that it made multiple attempts to deliver the Decision on Proposed Removal, both to Ms. Gill and to her union, between September 17, 2012 and October 15, 2012, including four times via United Parcel Service overnight mail, one time via United States Postal Service Certified Mail Return Receipt, and one time via United States Postal Service First Class Mail. Mann Decl. ¶¶ 5-9 and Exs. A and B; Finch Decl. Ex. I. Although Ms. Gill claims that she did not receive the letter, GSA has established that it was not returned as undeliverable. Mann Decl. Ex B; *see also Rhodes v. Raytheon Co.,* 555 F. App'x 665, 667 (9th Cir. 2014) (Although Plaintiff's attorney was away when the notice arrived, receipt occurs when the notice is delivered, not when the recipient actually sees it); *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 383 (9th Cir. 1997) ("The language of the statute establishes the 90–day period as running from the giving of such notice rather than from the date claimant actually receives notice in hand." (internal quotation marks omitted)). As such, it is presumed that she had constructive knowledge of the decision no later than October 15, 2012. *See generally Anderson v. United States*, 966 F.2d 487, 491 (9th Cir. 1992) ("Under the common law mailbox rule, proper and timely mailing of a document raises a rebuttable presumption that it is received by the addressee."); *Williams v. Mabus*, 2014 WL 5305819, at *5 (N.D. Cal. Oct. 16, 2014) ("Requiring actual pickup of certified mail would allow some plaintiffs open-ended time extension, subject to manipulation at will.") (internal quotations and citations omitted); *Homer v. Henderson*, 2001 WL 228164, at *3 (N.D. Cal. Feb. 26, 2001) ("attempted delivery of a right-to-sue letter coupled with notification of such attempted delivery is sufficient notice").

Second, although Ms. Gill states that she did not receive the letter, she submitted a signed affidavit, dated May 22, 2013, during the EEO investigation in which she stated that she received the removal notice from her union representative, John Garvey. Finch Decl., Ex. H. Although no date was provided, Mr. Garvey also provided a signed affidavit, dated June 5, 2013, in which he stated that he called Ms. Gill around September 13, 2012 and left a message. *Id.* at Ex. H He also stated that he later spoke to Ms. Gill on the phone regarding the removal notice. Ms. Gill does not

refute this evidence. It is unclear how she can now claim that she did not know about the notice when her union representative's affidavit contradicts this. *Nelmida,* 112 F.3d at 385 (Holding that Plaintiff had actual knowledge and notice of her right to sue because she was aware that a right-to-sue letter had been issued to her). Third, even assuming that Mr. Garvey did not share the news of Ms. Gill's removal with her around September 13, GSA has submitted emails between Mr. Garvey, Michael Mann (GSA's Labor/Employee Relations Specialist), and Katherine Thompson (Human Resources Director), dated between September 25 and October 22, 2012, showing that Ms. Gill had been in contact with Mr. Garvey to inform him of not receiving the removal decision. Mann Decl. ¶ 7 and Ex. A. Ms. Gill does not explain this contradiction. The record also reflects that Ms. Gill called GSA on September 21, 2012, to state that she would be in the office on September 24 or 25 to remove her personal belongings. Finch Decl., Ex. I..

Finally, the evidence reflects that Ms. Gill was not new to the administrative EEO process. GSA claims that on October 15, 2002, Ms. Gill attended a Workforce EEO Awareness Training that included information regarding the 45 calendar days requirement to contact an Agency EEO Official. *Id.* In addition, Ms. Gill had timely participated in the EEO process in the past. *Id.* Previous experience with the administrative EEO process alone is enough to put Ms. Gill on notice of the filing requirement. *Huynh v. U.S. Postal Serv.*, 2013 WL 2048681, at *4 (N.D. Cal. May 14, 2013) (holding that the plaintiff had notice of the limitations period because he received training on EEO policies during employee orientation); *Johnson v. Henderson*, 314 F.3d 409, 415 (9th Cir. 2002) (holding that the presence of a poster in Plaintiff's workplace was enough to constitute constructive notice of the filing requirement).

Thus, even accepting as true Ms. Gill's argument that she did not receive the Decision letter, she was at least aware of GSA's decision to terminate her. *Santa Maria*, 202 F.3d at 1179 (stating that equitable tolling may not be invoked where a plaintiff had sufficient information to know of the possible existence of a claim). Under these circumstances, Ms. Gill has failed to timely exhaust her administrative remedies under Title VII. *Kraus v. Presidio Trust Facilities Div./ Residential Mgmt. Branch*, 572 F.3d 1039, 1043 (9th Cir. 2009) ("[A]bsent waiver, estoppel, or equitable tolling, failure to comply with this regulation is fatal to a federal employee's

discrimination claim in federal court.") (internal citation and quotation marks omitted). Accordingly, GSA's motion to dismiss on this basis is GRANTED.

## V.  CONCLUSION

Based on the analysis above, the Court GRANTS GSA's 12(b)(1) motion and DISMISSES this case WITHOUT LEAVE TO AMEND. GSA's 12(b)(6) motion is DENIED AS MOOT.

**IT IS SO ORDERED.**


Dated: November 18, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PATTIE GILL,

        Plaintiff,

    v.

GENERAL SERVICES ADMINISTRATION,

        Defendant.

Case No. 14-cv-02999-MEJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 11/18/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Pattie Gill
520 Divisadero Street #3
San Francisco, CA 94117

Dated: 11/18/2014

Richard W. Wieking
Clerk, United States District Court

By:_____
Chris Nathan, Deputy Clerk to the
Honorable MARIA-ELENA JAMES